IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY ROGERS, Y27318, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1531-RJD |
| | ) |
| ZACHARY R. HART and | ) |
| C/O STEWART, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Kerry Rogers, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while he was detained at Menard Correctional Center. In the Complaint (Doc. 1), Phillips alleges that Defendants violated his Eighth and Fourteenth Amendment rights related to alleged incidents of excessive force and failure to protect.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

THE COMPLAINT

On December 13, 2024, Plaintiff asked Defendant Stewart for a crisis team while housed in the North 2 cellhouse at Menard. (Doc. 1 at 3). He alleges that Stewart refused and instead encouraged Plaintiff to engage in self-harm. Distraught by Stewart's response, Plaintiff then ingested a handful of unknown pills. He alleges that he then experienced excessive force at the hands of Defendant Zachary Hart when Hart struck his face several times with a closed fist while he was fully restrained. (Doc. 1 at 3). Plaintiff alleges that Hart also kicked him in the face and stomach. He suffered excruciating pain, a bloody nose, and a swollen eye.

Plaintiff alleges that these actions amounted to a failure to protect, excessive force, and a violation of his right to due process. He adds that the conduct also amounted to negligence. (Doc. 1 at 3-4). Plaintiff seeks monetary compensation. He supported his complaint with disciplinary documents, a grievance, and medical records.

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Defendant Stewart for his response to Plaintiff's request for a crisis team on December 13, 2024;**
>
> **Count 2:** **Eighth Amendment excessive force claim against Defendant Hart for striking Plaintiff on December 13, 2024, while Plaintiff was restrained;**
>
> **Count 3:** **Negligence claim against Stewart or Hart related to their conduct.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

DISCUSSION

Although Plaintiff couched his claim against Defendant Stewart as one of failure to protect, his claim may be better understood as an Eighth Amendment deliberate indifference or cruel and unusual punishment claim. Plaintiff suggests that he asked Stewart for a crisis team, though he does not explain if he told Stewart anything about his mental state when he made the request or if Stewart knew anything about his overall mental state or psychological history. He says instead of offering help, Stewart told him to kill himself. "[W]here the harm at issue is a suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at a substantial risk of committing suicide and (2) intentionally disregarded the risk." *Lisle v. Welborn*, 933 F.3d 705, 716-17 (7th Cir. 2019), *citing Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). In *Lisle*, the Seventh Circuit reversed summary judgment in favor of a nurse who was around Plaintiff while on suicide watch and allegedly encouraged him to commit suicide. In reaching this holding, the Court emphasized that the nurse was aware of the inmate's specific psychological vulnerabilities and her conduct of verbally harassing the inmate preyed on those vulnerabilities.

In the instance case, it is certainly possible that Plaintiff and Stewart have a history such that Stewart's conduct perhaps played on known vulnerabilities. However, it is also possible that Stewart and Plaintiff had never interacted before, or that they had a lengthy history that did not give Stewart any reason to suspect Plaintiff was vulnerable. Here, there is simply not enough information pled to establish whether Stewart acted with deliberate indifference, or merely in a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

negligent fashion. Claim 1 will be dismissed as insufficiently pled, but Plaintiff may always replead this claim if he has additional supporting information about his relationship with Stewart, and Stewart's familiarity with his mental health.

Turing to Claim 2, on a claim for excessive force, "the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* Factors in such an inquiry include the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. *Id.* Plaintiffs' allegations are sufficient to proceed against Hart at this juncture because he alleges Hart punched him in the face multiple times with a closed fist and kicked him in the face and abdomen. Although the disciplinary documents attached suggest that Plaintiff bit Hart, that conduct would not necessarily justify multiple body strikes from Hart to Plaintiff after Plaintiff was restrained. For now, Claim 2 may proceed.

Plaintiff discussed Fourteenth Amendment due process in his complaint, but the Court did not detect any facts that aligned with this legal theory, so it will not be discussed further.

Finally, Plaintiff expressed a desire to present a negligence claim against both defendants. In order to bring a negligence claim under Illinois law, a plaintiff must set forth allegations suggesting that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citation omitted). Plaintiff alleges that Hart had a duty to perform his job professionally and without striking him. For now, these allegations are sufficient to proceed against Hart, but if this constitutional claim is dismissed later, the Court will relinquish supplemental jurisdiction over the state law claim against Hart. By contrast, the Court will decline to exercise supplemental

jurisdiction over any such claim against Stewart because Plaintiff has not yet established any other claim against Stewart.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 2 and 3** survive against Defendant Hart, and **Claims 1 and 3** are dismissed as insufficiently pled against Defendant Stewart.

The Clerk of Court is **DIRECTED** to prepare for Defendant Hart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court shall enter the standard HIPAA protective order because this case will likely involve the exchange of medical records.

Plaintiff's Motion for Status (Doc. 16) is **GRANTED** by the issuance of this Order.

**IT IS SO ORDERED.**

**DATED: October 14, 2025**

*s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.